30

(648 P.2d 276)
No. 53,501

STATE OF KANSAS, *ex rel.,* S.R.S., *Appellee,* v. CHUCK P. VOLLMER, *Appellant.*

Opinion filed July 29, 1982.

*Eugene W. Hiatt,* of Hiatt, Hiatt & Carpenter, Chartered, of Topeka, for the appellant.

*Frank E. Kohl,* assistant county attorney, for the appellee.

Before SPENCER, P.J., PARKS and SWINEHART, JJ.

SWINEHART, J.: This is a paternity action. Defendant appeals from the lower court's finding that he is the father of Joshua M. Goodman and order that he pay child support.

The defendant and Patricia S. Goodman met in the latter part of 1975. Subsequently, the parties began dating and became sexually intimate. The relationship was of short duration and ended early in 1976, the exact date being a matter of dispute between the parties.

Ms. Goodman learned she was pregnant in July, 1976. Prior to the child's birth, Ms. Goodman made application for assistance to the Department of Social and Rehabilitation Services (S.R.S.) wherein she named the defendant as father of the unborn child. On January 16, 1977, Ms. Goodman gave birth to the child in question. The plaintiff, having accepted an assignment of support rights from the unmarried mother, instituted an action against the defendant seeking to have him adjudged the natural father of the child and ordered to pay for its support and maintenance.

Upon receiving notice of the action, the defendant retained legal counsel. On May 21, 1980, a hearing was held at which time the court made certain findings of fact and issued a journal entry ordering the parties to submit to blood tests and providing that the blood test results be admitted without expert testimony.

The defendant became dissatisfied with the legal services of

his attorney and terminated the attorney-client relationship in January, 1981. Thereafter, the defendant retained other legal counsel. After reviewing the case, and with the approval of the defendant, the new counsel motioned the court to set aside the May 21, 1980, journal entry on the ground that the defendant's former attorney had stipulated to the admissibility of the test results without defendant's consent and without informing the defendant that he was waiving his right to cross-examine the expert witnesses regarding the blood test results. The motion was denied and the case was set for trial.

At trial, a report on the results of the blood tests was admitted into evidence over the objection of the defendant. The report indicated the statistical likelihood of paternity and established there was a "certain hint" that the defendant was the natural father of the minor child. The Paternity Index was reported at 5.3 to 1 and the Plausibility of Paternity was 84%.

The court found that the defendant was the father of Ms. Goodman's child and ordered defendant to pay child support to S.R.S. Defendant appeals, raising three issues.

Defendant first argues that the court erred in failing to grant his motion to set aside the May 21, 1980, journal entry and in allowing the blood test results into evidence without expert testimony.

K.S.A. 23-131 provides:

"Whenever the paternity of a child is in issue in any action or judicial proceeding in which the mother and alleged father of such child are parties, the court, upon its own motion, or upon motion of any party to the action or proceeding may order the mother, child and alleged father to submit to blood tests. If any party refuses to submit to such tests, the court may resolve the question of paternity against such party or enforce its order if the rights of others and the interests of justice so require. The tests shall be made by experts qualified as examiners of blood types who shall be appointed by the court. *The experts shall be called by the court as witnesses to testify as to their findings and shall be subject to cross-examination by the parties.* Any party or person at whose suggestion the tests have been ordered may demand that other experts, qualified as examiners of blood types, perform independent tests under order of court, the results of which may be offered in evidence. The number and qualifications of such experts shall be determined by the court." (Emphasis added.)

Under K.S.A. 23-131 defendant had the right to cross-examine the expert who performed the blood tests. Although the record suggests that defendant's prior attorney stipulated to the admissibility of the blood test results without expert testimony, thus

waiving any opportunity of cross-examination, no evidence of such a stipulation appears in the record. There is therefore no basis in the record for the May 21, 1980, journal entry, and the court erred in failing to set aside that portion of the order which provided for the results to be admitted without expert testimony, and further erred in admitting such evidence based on that order over defendant's objection.

It is apparent from the record that the final journal entry was based in part on the blood test results, thus we cannot say that the error here is harmless. Defendant did not receive a fair trial and the case must be remanded with instructions to grant a new trial.

In light of the above conclusion, it is unnecessary to address defendant's remaining issues.

Reversed and remanded with instructions to grant a new trial.